No. 91-203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

DANA SCHUMACHER, d/b/a DCS AUTOMOTIVE,

                    Plaintiff and Respondent,

          -vs-

SHAWN CALDWELL,

                    Defendant and Appellant.

SHAWN CALDWELL,

                    Third Party Plaintiff,

          -vs-

AL KIRKWOOD,

                    Third Party Defendant.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Maurice R. Colberg, Jr., Judge
               presiding.


COUNSEL OF RECORD:

          For Appellant:

          Brett C. Asselstine, Great Falls, Montana


          For Respondent:

          Terry L. Seiffert, Billings, Montana


FILED

OCT 29 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 3, 1991

          Decided:  October 29, 1991

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Defendant appeals from a judgment of the Thirteenth Judicial District Court, Yellowstone County, Montana. In a proceeding without a jury the court ruled for the plaintiff holding that the defendant breached his contract awarding damages in the amount of $5,799. We affirm.

The only issue we address is whether the court erred in finding a contractual agreement between the parties when considering the circumstances.

In December of 1986, Al Kirkwood agreed to repair a 1978 El Camino owned by Shawn Caldwell (appellant). Kirkwood, who owned a body shop, agreed to repair the body and do minor mechanical work to satisfy a pre-existing debt Kirkwood owed to Caldwell. Kirkwood was to make all necessary repairs during 1987 but later became injured and was unable to complete the repairs on the vehicle. Subsequently, he went out of business. Schumacher, the respondent and owner of DCS Automotive, began discussing arrangements for repairing Caldwell's vehicle. Although there is disagreement over the exact arrangements, the evidence indicates that Schumacher agreed to completely restore the vehicle in exchange for a nonfunctional but repairable boat owned by Caldwell.

Schumacher initiated repair of the vehicle and began to incur various expenses. During this time, Schumacher also obtained possession of the boat, began to renovate it, and later stored it in White Sulphur Springs. By August of 1988 Schumacher completed

2

almost all work on the vehicle. On or about August 31, 1988, at approximately 11:00 p.m. Caldwell traveled to Schumacher's auto shop and took the vehicle without contacting Schumacher. Caldwell also took the boat from While Sulphur Springs after cutting the lock that secured the boat. Schumacher learned of the missing vehicle and reported it stolen to the Billings police before discovering that Caldwell took the vehicle and the boat. Caldwell later agreed to return the boat to Schumacher but failed to do so.

The District Court's findings may not be set aside absent a showing that they are clearly erroneous. Morin v. Mapston (1985), 217 Mont. 403, 407, 705 P.2d 118, 120. "Particularly where credibility of witnesses is involved, we give great weight to fact-findings of a district court." Morin, 217 Mont. at 407, 705 P.2d at 120. In the case at bar, we find that the court could conclude that there was a contract between the parties which Caldwell breached. The District Court is in the best position to observe the witnesses and assess their credibility. Here the District Court determined that Caldwell's testimony was not credible when it stated in its findings of fact and conclusions of law that:

> At trial the Defendant [Caldwell] claimed that the work done on the automobile was not done properly since the automobile did not run. He further claimed that the engine and other work done on the boat were not done properly and the boat was a danger to operate. He claimed that the boat had no value. This evidence is not credible. When asked why, if the boat had no value, he did not allow Plaintiff to have the boat for the repair bill the Defendant claimed it was a matter of "principle".

The District Court's findings were not clearly erroneous.

Appellant also presents three other issues for this Court's

3

consideration which are without merit.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Let remittitur issue forthwith.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

4

October 29, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Brett C. Asselstine
Attorney at Law
P.O. Box 1567
Great Falls, MT 59403

Terry L. Seiffert
Attorney at Law
P.O. **Box 31181**
Billings, MT 59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy